# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**STEVEN R. ISAAC,**

   **Plaintiff,**

              **Case No. 1:23-cv-753**

  v.

**O.D.R.C. ADULT PAROLE**      **JUDGE DOUGLAS R. COLE**
**AUTHORITY,** *et al.,*         **Magistrate Judge Vascura**

   **Defendants.**

## OPINION AND ORDER

Plaintiff Steven R. Isaac, a prisoner proceeding pro se, sued the Ohio Department of Rehabilitation and Correction (ODRC) Adult Parole Authority; his parole officer, Derek Shaffer; and Brian Houseworth, Shaffer's supervisor, for wrongfully separating him from his family. (Compl., Doc. 1). But he never paid the filing fee or moved to proceed in forma pauperis (IFP). (Notice of Deficiency, Doc. 2). Nor did he respond to the Court's Deficiency Order (Doc. 3), or its subsequent Order to Show Cause (Doc. 4). Accordingly, after the time to respond to the Order to Show Cause had passed, the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Court dismiss the case without prejudice for failure to prosecute. (Doc. 5, #13). No party objected, so the R&R is ripe for review. For the reasons briefly discussed below, the Court **ADOPTS** the R&R (Doc. 5) and **DISMISSES** this action **WITHOUT PREJUDICE.**

According to the allegations in the Complaint, Isaac was found to have violated his parole after arguing with his wife. (Doc. 1, #5). So he was sentenced to six months

in prison and ordered not to have contact with his wife. (*Id.*). He argues that this sentence "violate[d] [his] civil rights" because his "marrage [sic] is sacred between [his] wife[,] [him]self[,] and god, [which means] the [Adult Parole Authority] should not have [the] right to interfear [sic]." (*Id.*).

Based on those allegations, Isaac sued the Adult Parole Authority, Shaffer, and Houseworth seeking injunctive relief on November 13, 2023.[1] (*Id.* at #1, 6). Because Isaac is a prisoner proceeding pro se, the Court referred the case to a Magistrate Judge under this Court's General Order 22-05. She entered a Deficiency Order on November 15, which ordered Isaac either to pay his filing fee or to move for leave to proceed IFP within 30 days. (Doc. 3, #10). She also warned Isaac that "failure to comply with this Order and Notice of Deficiency will result in dismissal of this action for failure to prosecute." (*Id.*).

When Isaac had neither paid the filing fee nor moved for IFP status by the stated deadline, the Magistrate Judge ordered him to show cause by January 18, 2024, (14 days after she entered the Order to Show Cause) why the Court should not dismiss the action for failure to prosecute. (Doc. 4, #11). And she again cautioned Isaac that failure to comply with the Order to Show Cause could result in his case being dismissed. (*Id*). And when Isaac had not responded to this Order by the deadline, she issued an R&R on January 26, 2024, recommending that the Court dismiss the action without prejudice for failure to prosecute. (Doc. 5, #15). She also

---

[1] Isaac completed and signed his Complaint on November 8, 2023. (Doc. 1, #6). But he did not mail it until November 13. (*Id.* at #7 (postmarked envelope)). The Court received and docketed the Complaint on November 14. Under the prison mailbox rule, it is deemed filed on November 13, 2023. *Cretacci v. Call*, 988 F.3d 860, 865–66 (6th Cir. 2021).

recommended the Court not assess the filing fee, but order Isaac to list this case (1:23-cv-753) as a related case if he re-files this action. (*Id*.).

The R&R included a notice informing the parties that a failure to object to its conclusions within fourteen days may result in forfeiture of certain rights, including the right to de novo review by this Court. *(Id.* at #16–17). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [28 U.S.C.] § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[F]ail[ure] to file an objection to the magistrate judge's R & R ... [constitutes a] forfeiture." (emphasis omitted)). No party objected.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Before turning to its analysis, the Court notes again that Isaac is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment

3

of pro se pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

Even considering Isaac's pro se status, the Court determines the Magistrate Judge did not err, let alone clearly err, in recommending dismissal under Federal Rule of Civil Procedure 41(b). Rule 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999) (quoting Fed. R. Civ. P. 41(b)). Such dismissal is a tool for courts "to effect management of their dockets and avoid unnecessary burdens on the tax-supported courts and opposing parties." *Id.* at 363 (cleaned up). Courts consider four factors when deciding whether to dismiss for failure to prosecute: (1) the party's "willfulness, bad faith, or fault"; (2) prejudice to opposing parties; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* "[T]ypically none of the factors is outcome dispositive." *Id.* And although dismissal with prejudice "is a harsh sanction" reserved for "extreme situations," "dismissal without prejudice is a comparatively lenient sanction, which is reviewed under a more relaxed standard." *Allen v. Hutchison*, No. 21-6020, 2022 WL 16859533, at *2 (6th Cir. Nov. 8, 2022) (cleaned up).

On balance the four *Knoll* factors support dismissing this case without prejudice. Isaac failed to respond to multiple documents requiring his attention, perhaps most importantly the Order to Show Cause. And nothing in the docket

suggests that anyone other than Isaac is to blame for his failure to respond. True, the ODRC website lists Isaac as being incarcerated at the Warren Correctional Institution, while Isaac's Complaint lists a residential mailing address and the envelope in which he mailed the Complaint has a return address at the Lebanon Correctional Institution. *Compare Offender Details*, Ohio Dep't of Rehab. & Corr., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A640559 (last visited Apr. 3, 2024) (listing Isaac as incarcerated at Warren Correctional Institution) *with* (Doc. 1, #1 (listing residential mailing address), *and id.* at #7 (envelope, which lists a return address at Lebanon Correctional Institution)). So he may not have been receiving mail from the Court. But "[i]f [Isaac's] address changed, []he had an affirmative duty to supply the court with notice of any and all changes in [his] address." *Barber v. Runyon*, 23 F.3d 406, 1994 WL 163765, at \*1 (6th Cir. 1994) (table). And he was, or should have been, aware of that responsibility. *A Guide for* Pro Se *Civ. Litigants*, U.S. Dist. Ct. S.D. Ohio 14 (last updated Feb. 13, 2017) [https://perma.cc/89FX-HH9Q] ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information. **If you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for lack of prosecution.**"). So even if the reason Isaac failed to timely respond to the Court's Orders was because he was not receiving mail, the first factor favors dismissal.

Admittedly, the second factor does not support dismissal because there is no evidence that Defendants were prejudiced by Isaac's delay. *Carpenter v. City of Flint*,

723 F.3d 700, 707 (6th Cir. 2013) ("A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." (cleaned up)). After all, Defendants have not yet been served. But the third factor counts in favor of dismissal because the explicit warnings in the Deficiency Order and the Order to Show Cause put Isaac on notice that his failure to comply could lead to dismissal. Finally, because Isaac is proceeding pro se and this case is in very early stages, lesser alternative sanctions, which might otherwise be available were an attorney not diligent in prosecuting his client's case, are unavailable here. So the fourth factor does not point one way or the other.

Accordingly, considering the four *Knoll* factors as a group, the Court agrees with the Magistrate Judge that dismissal without prejudice is an appropriate sanction for Isaac's failure to prosecute this case. Simply put, Isaac is not participating in this action, so until he begins communicating with the Court nothing can proceed. That said, as the dismissal is without prejudice, he will have an opportunity to refile should he wish to do so. Additionally, because the Court agrees with the Magistrate Judge that requiring Isaac to pay the filing fee would be too harsh a result, it declines to assess the filing fee here. And it adopts the R&R's final recommendation and requires Isaac to list this case (1:23-cv-753) as a related case if he re-files this action. *See Krouskoupf v. Muskingum Cnty. Jail*, No. 2:19-cv-3045, 2019 WL 4346531, at *1 (S.D. Ohio Sept. 12, 2019) (dismissing a complaint without prejudice as to one plaintiff, declining to impose the filing fee on the dismissed

plaintiff, and ordering him "to list the instant action as a related case if he re-files his complaint").

For the reasons briefly discussed above, the Court **ADOPTS** the R&R (Doc. 5) and **DISMISSES** this action **WITHOUT PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b). It also **DIRECTS** the Clerk to send this Opinion and Order to three addresses: Lebanon Correctional Institution, P.O. Box 56, 3791 State Route 63, Lebanon, Ohio 45036; 68 Winwood Drive, Mansfield, Ohio 44905; and Warren Correctional Institution, P.O. Box 120, 5787 State Route 63, Lebanon, Ohio 45036. Finally, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

     **SO ORDERED.**

| April 3, 2024 | |
| --- | --- |
| **DATE** | **DOUGLAS R. COLE** |
| | **UNITED STATES DISTRICT JUDGE** |